OPINION
On April 5, 1999, appellant, Christina R. Hartmann, filed a complaint against appellees, Jeffrey A. Duffey, M.D., Family Practice Development, Inc. and Community Health Care, Inc., claiming medical malpractice. On June 5, 2000, the first day of trial, the parties reached a confidential settlement agreement. The parties memorialized the terms of their settlement by placing it on the record. As a result of this agreement, the underlying action was dismissed against appellees. On June 22, 2000, appellant filed a motion to enforce interest pursuant to R.C. 1343.03
because she had not yet received the settlement proceeds. Appellees delivered the settlement check on June 30, 2000. By judgment entry filed July 7, 2000, the trial court denied appellant's motion, finding no interest was payable pursuant to R.C. 1343.03 as the settlement had not been journalized. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I IN ITS JUDGMENT ENTRY OF JULY 7, 2000, THE TRIAL COURT ERRED BY FAILING TO ENFORCE THE MANDATORY PROVISIONS OF R.C. 1343.03, WHICH REQUIRES A SETTLING DEFENDANT TO PAY INTEREST ON THE SETTLEMENT.
 I
Appellant claims the trial court erred in failing to enforce the mandatory provisions of R.C. 1343.03, requiring appellees to pay interest on the settlement. We disagree.
In its judgment entry of July 7, 2000, the trial court denied appellant's request stating the following: While counsel for the plaintiff is correct that this matter was settled on June 5, 2000, during trial, and the terms of the settlement were memorialized by the making of a record concerning the terms of this settlement, the settlement was not journalized. Pursuant to Ohio Revised Code Section 1343.03(A) and (B), the interest in question is to be computed from the date the judgment decree or order is rendered.
R.C. 1343.03 states, in pertinent part:
(A) In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payable upon * * * any settlement between parties, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
(B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid. (Emphasis added).
Appellant urges this Court to find that subsection (A) of the statute requires the imposition of post-judgment interest to commence upon the date of settlement. Appellees maintain R.C. 1343.03(B) governs this action and allows post-judgment interest only after journalization of the settlement. Upon review, we concur with the reasoning of appellees and the trial court. After the matter was settled, the trial court dismissed the action. There was no decree or judgment filed upon which interest could be computed from. In fact, to date, there is no judgment or settlement memorialized in the record. The trial court did not err in denying appellant's motion to enforce interest. The sole assignment of error is denied. The judgment of the Court of Common Pleas of Stark County Ohio is hereby affirmed. By Farmer, J. and Gwin, P.J. concur. Hoffman, J. dissents.